**Kenneth A. Reed**
**Law Offices of Kenneth A Reed**
**406 West Fourth Street**
**Santa Ana, CA 92701**
**(714) 953-7400**
**Fax: (714) 953-7412**
**Kenneth@kennethreedlaw.net**

Attorney for: Victor Martinez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                 Plaintiff, <br>   vs. <br><br> VICTOR MARTINEZ, <br><br>                 Defendant. | Case No.: 21-00101-CJC-2 <br><br> **DEFENDANT MARTINEZ'S OBJECTIONS TO PSR, AND HIS POSITION REGARDING HIS UPCOMING SENTENCING** <br><br> Date: December 18, 2023 <br> Time: 2:30 p.m. <br> Crt.: Hon. Cormack Carney |

**I.**
**INTRODUCTION**

Defendant, Victor Martinez, by and through his attorney of record, Kenneth A. Reed, hereby states his position regarding the PSR and his upcoming sentencing hearing.

## II.
## DEFENDANT'S POSITION

**Objections**

Mr. Martinez has read the Presentence Report. Mr. Martinez does not have any outcome determinative objections to the factual statement, or the criminal history calculation. Defendant does disagree with the four point increase in the offense level calculation for role in the offense.

**Factual Statement**

On August 16, 2023, Mr. Martinez pleaded guilty to Count 1 of the Indictment[1]. Count 1 charged charges that beginning on a date unknown and continuing through in or around April 2021, Mr. Martinez and others conspired and agreed to possess with intent to distribute and distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(i), (b)(1)(B)(i), (b)(1)(C).

The guilty plea was by express written agreement wherein Mr. Martinez and the government stipulate to a factual basis, and a base offense level of 34, pursuant to USSG § 2D1.1(a)(5), (c)(3).

---

[1] also names Julio Cesar Martinez (J. Martinez), Victor Romero Jr. (V. Romero), Martin Cervantes Romero (Romero), Roberto Romero Sanchez (Sanchez), Violeta Romero (Violeta Romero), Maricela Guerrero (Guerrero), MarlaPortillo Cordova (Cordova), Daniel Zapien (Zapien), Erik Bright (Bright), Megan Ellis (Ellis), Victor Moreta (Moreta), Shannon Jacobi (Jacobi), Hunter Sanders(Sanders), Jose Cervantes (J. Cervantes), Alicia Carrillo Gonzalez (Carrillo), AngelCervantes (A. Cervantes), Francisco Serrano (Serrano), and Alicia Cervantes (Alicia Cervantes). V. Martinez is named in Counts 1, 3, 7, and 10-13.

Mr. Martinez and the government reserved the right to argue that additional specific offense characteristics, adjustments, departures, and variances are appropriate. The parties also rokeserved the right to argue for a sentence outside the guideline range based on factors set forth in 18 U.S.C. § 3553(a).

The also government agreed, at the time of sentencing to dismiss the remaining counts of the indictment as against Mr. Martinez; to recommend a 3-level reduction for acceptance of responsibility pursuant to USSG §3E1.1; and to recommend a sentence no higher than the low end of the applicable Sentencing Guidelines, provided that the offense level used by the Court to determine that range is 39 or higher and the Court does not depart downward.

**Guideline Calculation**

The parties agreed, by written Plea Agreement, to stipulate to a factual basis for count six of the Indictment to a base guideline level of 32 pursuant to USSG §2D1.1(a)(5); (c)(4).

**Base Offense level                                                     34**

Based on the agreement that Mr. Martinez
Conspired to distribute at least 29
Kilograms of heroin. USSG §2D1.1(c)(3),

////

////

////

**Specific Offense Characteristics**:

**1. Importation of Controlled Substance**

Pursuant to USSG §2D1.1(b)(16)(C), the offense level is increased 2-levels if the defendant was directly involved in the importation of a controlled substance.   **+2**

**2. Role in the Offense**   **+4**

3B1.1(a) (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

**Acceptance of Responsibility**

Mr. Martinez has clearly accepted responsibility for his actions.
Both USSG §3E1.1(a) and (b)   **-3**

**Total Offense level**   **37**

Guideline Range 360 months to life in prison

**Organizer Leader**

As stated in the plea agreement, the government and the defense agree that a role enhancement applies in this case. The parties disagree, however, as to whether or not U.S.S.G. § 3B1.1(a) or (b) applies based on the amount of participants in the criminal activity. The defense agrees to argue that the role increase should be three levels and the government will argue that the proper enhancement is four points.

In United States v. Ponce 51 F.3d 820, 827 (9th Cir. 1995) (citing U.S.S.G. § 3B1.1, cmt. n.4). the court reasoned, "The

factors to be considered when determining whether a defendant was an organizer or leader include: the exercise of decisionmaking authority, the nature of the offense and the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others."

In the case at bar, some of the "plus four point" factors are present, counsel will concede that there are recorded phone calls that support that the position that Mr. Martinez excercised some decisionmaking authority in the enterprise.  There is no information that he participated in recruitment of accomplices, nor are there statements that he claimed a right to a larger share of the fruits of the crime.

**Criminal History**

A calulation of Mr. Martinez' criminal history points results in score of 9 points which equals to criminal history level 4.s

**Sentencing Issues**

It is clear that a sentencing court must give respectful consideration to the U.S. Sentencing Guidelines, Booker[2] permits the court to tailor the sentence in light of other statutory concerns as well.

---

[2] United States v. Booker 543 U.S. 220 (US 2005)

US v. Martinez   **Defendant V. Martinez's Sentencing Position** Case No 21-cr-0101-CJC

In light of the forgoing the post Booker sentencing scheme has been to have the Guidelines as the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C.S. § 3553(a)[3], subject to appellate review for "reasonableness."

Before he court is a forty-sex year old man, that is facing 30 years to life in Federal prison.  Mr. Martinez has a wife and and two minor aged children.  Mr. Martinez has abused drugs since he was in his middle teens.  To date, Mr. Martinez has not attended a drug treatment program, the defense would request that the Court recommend Mr. Martinez for admission in the Residental Drug Program[4].

---

[3] Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –

1. The nature and circumstances of the offense and the history and characteristics ofthe defendant;

2. The need for the sentence imposed --
    a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training,
    medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;

[4] Federal law allows the BOP to reduce the sentences of non-violent offenders who complete the RDAP program by up to one year. The RDAP program is voluntary and takes 500-hours, nine- to twelve-months to complete. The RDAP is authorized by 18 U.S.C. § 3621, which directs

US v. Martinez   **Defendant V. Martinez's Sentencing Position** Case No 21-cr-0101-CJC

Even with this drug and criminal conviction history, Mr. Martinez enjoys the love and support of his family and friends.

### III.
### CONCLUSION

Mr. Martinez requests that the court take the foregoing into consideration prior to imposing sentence in this matter.

Dated: December 13, 2023

*Kenneth Reed*
_____
Kenneth A. Reed
Attorney for Defendant
Victor Martinez

---

the Bureau of Prisons (BOP) to provide residential substance abuse treatment for all eligible federal inmates.